# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER MICHAEL TISKE,

        Plaintiff,

    v.                             Case No. 26-CV-894

rain-street.org,

        Defendant.

## DECISION AND ORDER

Currently pending before the court is Christopher Michael Tiske's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Tiske's request, the court concludes that Tiske lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Tiske's Request to Proceed in District Court without Prepaying the Filing Fee will be **granted**.

However, because the court is granting Tiske's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

### I. Legal Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours &*

*Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised Tiske's complaint, which the court accepts as true at this stage.

**II.    Background**

Tiske brings this action against rain-street.org ("Rain Street"), which he describes as a "public records aggregator of arrest records." (ECF No. 1 at 2.) According to Rain Street's website, it is an online database for the "most complete set of public records available outside of the court clerk offices." *See* Rain Street, https://rain-street.org (last visited May 29, 2026). It claims to include records ranging from traffic violations to violent crimes, as well as civil judgments, liens, and bankruptcies. A disclaimer at the bottom, however, notes that the information received through rain-street.org is not guaranteed to be accurate or up-to-date.

Tiske alleges a single claim of slander against Rain Street for incorrectly stating that Tiske is on active community supervision. His previous attempts to contact Rain Street to update his profile have been unsuccessful. He alleges that this false information may have barred him from past employment. Heseeks damages of two years compensation as calculated using Wisconsin's median household income.

### III.    Analysis

"Federal courts are courts of limited jurisdiction." *Qi Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022). As such, subject-matter jurisdiction becomes the first issue in any case. *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019). Generally, to bring a lawsuit in federal court, the plaintiff must bring a claim arising under federal law, 28 U.S.C. § 1331, or must sue citizens of a different state for an amount that exceeds $75,000, 28 U.S.C. § 1332.

The court does not have jurisdiction under 28 U.S.C. § 1331 because Tiske does not allege a federal question; his only claim of slander arises under state law. *See*

*Warner v. Brown*, 670 F. App'x 420, 423 (7th Cir. 2016) (citing *Buckley v. Fitzsimmons*, 20 F.3d 789, 797 (7th Cir. 1994) ("slander is not a constitutional tort"); *see also Maus v. Olmstead*, No. 25-CV-1146, 2025 LX 416102, at *1 (E.D. Wis. Oct. 3, 2025) (finding that claims of slander and conspiracy do not invoke any basis for federal jurisdiction). Thus, Tiske must establish diversity jurisdiction in order to bring his slander claim in federal court. *See Kuna-Jacobs v. Schmidt,* No. 22-1033, 2022 U.S. Dist. LEXIS 28779, at *3 (C.D. Ill. Feb. 16, 2022) ("Federal jurisdiction does not exist over a slander action between two citizens of the same state."); *Stewart v. Parkcenter Behavioral Health, Inc.*, No. 1:18-CV-75-TLS, 2018 U.S. Dist. LEXIS 56538, at *3 (N.D. Ind. Apr. 3, 2018) ("Libel or slander is a tort … and the Plaintiff must demonstrate diversity of citizenship in order to establish subject matter jurisdiction.").

But it is not clear that Tiske can invoke the court's jurisdiction under 28 U.S.C. § 1332 either. A suit brought under the diversity statute must have "complete diversity," meaning the plaintiff cannot have citizenship in common with any of the defendants. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021). "The party invoking diversity jurisdiction bears the burden of persuasion on its existence." *Harlson v. Gov't Emps. Ins. Co.*, No. 24-2692, 2025 LX 191329, at *3 (7th Cir. June 24, 2025). When jurisdiction is challenged, either by a party or sua sponte by the court, the party asserting jurisdiction must establish citizenship with "competent proof." *Id.* The case must be dismissed if the party cannot offer sufficient facts to establish citizenship. *Id.*

Tiske's complaint as currently written does not establish that complete diversity exists. Although Tiske states that he is a citizen of Wisconsin, the information concerning Rain Street's citizenship is left blank. (ECF No. 1 at 1-2.) Absent more information, the court is not assured that it has the power to hear Tiske's case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 S. Ct. 1181, 1193, 175 L.Ed.2d 1029, 1042 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists"); *see also United States v. Cty. of Cook,* 167 F.3d 381, 387 (7th Cir. 1999) ("If the parties neglect the subject, a court must raise jurisdictional questions itself.").

The court is sympathetic to Tiske's dilemma of determining Rain Street's citizenship. *See, e.g., Qi Qin*, 31 F.4th at 582 (declining to advise plaintiff on how to overcome the "obvious obstacle to pursuing relief in federal court … posed by [defendants' citizenship] the plaintiff cannot ascertain despite reasonable investigatory efforts"). But because Tiske's complaint contains no facts indicating Rain Street's primary place of business or place of incorporation, the court cannot confidently assert jurisdiction over his claim. *See Harlson,* 2025 LX 191329, at *5 ("Without more, the district court did not err in determining that [Plaintiff] failed to carry his burden to establish diversity jurisdiction.").

Tiske is permitted at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). If Tiske chooses to amend, he should be aware of other problems he may face in prosecuting this action. In addition to identifying Rain Street's citizenship for purposes of jurisdiction, Tiske

must be able to identify a physical location of Rain Street in order to serve it with notice of this lawsuit. If Tiske cannot serve Rain Street, the lawsuit cannot proceed.

Further, once the court is satisfied it has jurisdiction, it will be necessary for the court to review the sufficiency of Tiske's complaint. Tiske alleges he suffered damages in the form of denied employment. He does not allege that he applied for any job in the relevant period, much less allege that any prospective employer relied on the Rain Street website to deny him employment. But more importantly, according to his motion to proceed without prepayment of the filing fee, Tiske receives social security benefits, specifically Supplemental Security Income (SSI). (ECF No. 2 at 2.) Generally, a person can receive SSI only if he is disabled and incapable of any work. *See Lee v. City of Salem*, 259 F.3d 667, 672 (7th Cir. 2001). There is an inherent incompatibility in a person claiming he is unable to perform any work while simultaneously alleging that inaccurate information on a website injured him in the form of lost work opportunities.

IV.    **Conclusion**

Accordingly, Tiske will have 28 days to file an amended complaint that cures the jurisdictional deficiencies identified in this decision. If an amended complaint is received by the deadline, the court will screen it as required by 28 U.S.C. § 1915(e)(2). If an amended complaint is not received, the action will be dismissed and judgment will be entered.

**IT IS THEREFORE ORDERED** that Christopher Tiske's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

6

**IT IS FURTHER ORDERED** that Tiske's complaint (ECF No. 1) is

**DISMISSED WITHOUT PREJUDICE.** If Tiske wishes to proceed with his suit in

federal court, he must file an amended complaint within 28 days of this order.

Dated at Green Bay, Wisconsin this 11th day of June, 2026.

BYRON B. CONWAY
United States District Judge