UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER MICHAEL TISKE,**

**Plaintiff,**

**v.** **Case No. 26-CV-894**

**CLOUDFLARE, INC.,**

**Defendant.**

# ORDER

Christopher Michael Tiske filed this action pro se on May 20, 2026, alleging that the website rain-street.org ("Rain Street") committed slander by publishing false information about his criminal history. (ECF No. 1 at 1–3.) The court granted Tiske's motion to proceed without prepayment of the filing fee and screened his complaint to determine whether it was legally sufficient to proceed, as required by 28 U.S.C. § 1915(e)(2). (ECF No. 5.) Because it was unclear whether the court had jurisdiction to adjudicate Tiske's claim against Rain Street, it ordered him to submit an amended complaint that "cures the jurisdictional deficiencies" of his prior complaint—namely, its lack of information about the citizenship of Rain Street. (ECF No. 5 at 5–6.) Tiske has amended his complaint (ECF No. 8), and this amended complaint is now before the court for screening. In his amended complaint, Tiske names Cloudflare, Inc. ("Cloudflare") as the defendant rather than Rain Street. (ECF No. 8 at 1.)

## I. Jurisdiction

"Federal courts are courts of limited jurisdiction." *Qi Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citations omitted). To consider the merits of a case, the court must have subject-matter jurisdiction—the power to decide the kind of claim before it. *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Often, plaintiffs satisfy this jurisdictional requirement either by bringing a claim arising under federal law, 28 U.S.C. § 1331, or by invoking the court's diversity jurisdiction to sue citizens of different states for an amount greater than $75,000, 28 U.S.C. § 1332.

Tiske alleges violations of federal law in each of his complaints. (ECF No. 1 at 4); (ECF No. 8 at 10). However, he only alleges a slander claim against Cloudflare, and slander is not a claim that arises under federal law. *See Warner v. Brown*, 670 F. App'x 420, 423 (7th Cir. 2016) (citing *Buckley v. Fitzsimmons*, 20 F.3d 789, 797 (7th Cir. 1994) ("slander is not a constitutional tort"); *see also Maus v. Olmstead*, No. 25-CV-1146, 2025 U.S. Dist. LEXIS 209395, at *1 (E.D. Wis. Oct. 3, 2025) (finding that claims of slander and conspiracy do not invoke any basis for federal jurisdiction). Therefore, Tiske cannot seek a federal forum under 28 U.S.C. § 1331; to proceed in federal court he will need to allege facts sufficient to allow the court to determine that it has diversity jurisdiction under 28 U.S.C. § 1332. A suit brought under the diversity statute must have "complete diversity," meaning the plaintiff cannot have citizenship in common with any of the defendants. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021).

While Tiske's status as a Wisconsin citizen for the purposes of 28 U.S.C. § 1332 is clear, the court's prior screening order noted an absence of information about the citizenship of the original defendant, Rain Street. (ECF No. 5 at 5.) Thus, to remedy the jurisdictional deficiencies of his original complaint and assure the court of its jurisdiction under § 1332, Tiske's amended complaint must adequately allege Cloudflare's citizenship. A corporation is a citizen both of the state where its principal place of business is located and of the state in which it is incorporated. *See Page*, 2 F.4th at 635 (citing 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business is its "nerve center," the place where "the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). The nerve center is ordinarily a corporation's headquarters. *See id.* at 95.

Tiske alleges that "CloudFlare, Inc's. [sic] main residence is located at 101 Townsend Street, San Francisco, CA 94107-1934, United States" (ECF No. 8 at 3), and that Cloudflare's headquarters are in San Francisco (ECF No. 8 at 5). The exhibit accompanying his complaint also names the Townsend Street location as "CloudFlare, Inc.'s headquarters." (ECF No. 8-1 at 5.) Tiske's amended complaint, accordingly, identifies Cloudflare as a citizen of California. (ECF No. 8 at 2.) Construing Tiske's amended complaint liberally, the court determines that he has plead sufficient facts to establish that Cloudflare's principal place of business makes it a citizen of California for the purposes of 28 U.S.C. § 1332.

Notably absent from Tiske's amended complaint is any information about Cloudflare's state of incorporation. However, Rule 201(b) of the Federal Rules of Evidence allows courts to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," including matters of public record, when evaluating the sufficiency of a complaint. *See Ronald D. Fosnight & Paraklese Techs., LLC v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997)). "Courts have taken judicial notice of articles of incorporation as undisputed matters of public record." *Doe v. Broglio*, No. 25-cv-06289-JSC, 2025 U.S. Dist. LEXIS 209356, at *8 (N.D. Cal. Oct. 23, 2025) (collecting cases); *see also City of Waukegan v. Bond Safeguard Ins. Co.*, No. 15 C 3007, 2015 U.S. Dist. LEXIS 151052, at *5 (N.D. Ill. Nov. 6, 2015) (taking judicial notice of Articles of Domestication filed with the South Dakota Secretary of State to determine a corporation's citizenship for diversity purposes); *Allen v. Chase Home Fin. LLC*, No. 10 C 8270, 2011 U.S. Dist. LEXIS 99359, at *13 (N.D. Ill. Sept. 2, 2011) (taking judicial notice of filings with the Illinois Secretary of State to determine a corporation's citizenship). That Cloudflare is a Delaware corporation is a matter of undisputed public record. *See* Cloudflare, Inc., Annual Report (Form 10-K) (Feb. 2, 2026). *See also* Cloudflare, Inc., Amended and Restated Certificate of Incorporation of Cloudflare, Inc. (2019). The court therefore takes judicial notice that Cloudflare is a Delaware corporation, and accordingly a citizen of Delaware for purposes of 28 U.S.C. § 1332.

Because Cloudflare is a citizen of California and Delaware, and Tiske is a citizen of Wisconsin, the court is satisfied that complete diversity is met in this case. Tiske has remedied the jurisdictional defects noted by this court's previous order. (ECF No. 5.)

### II. Sufficiency of the Complaint

As the court's previous order observed, jurisdiction is not the only hurdle Tiske must clear in order for his complaint to proceed. 28 U.S.C. § 1915(e)(2) requires the court to dismiss an action filed in forma pauperis if it determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. Accordingly, the court "screens" pro se complaints filed in forma pauperis to determine whether any of the three deficiencies requiring dismissal are present. *See Armstrong v. Alter Trading Corp.*, No. 25-CV-1702, 2026 U.S. Dist. LEXIS 103319, at *3 (E.D. Wis. May 11, 2026) (describing the screening process). During screening of pro se complaints, pleadings are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To evaluate whether a pro se complaint states a claim, the court applies the same standard used to address motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citations omitted). If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether

they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised Tiske's complaint, which the court accepts as true at this stage.

Tiske's amended complaint alleges a single count of slander, which along with libel is a species of defamation. *Martin v. Outboard Marine Corp.*, 15 Wis. 2d 452, 457, 113 N.W.2d 135, 138 (1962) ("Defamation is composed of libel and slander."). Although the two terms can be confused for one another, *see id.* at 459–61 (detailing past confusion of libel per se and slander per se), slander is distinguishable from libel in that slander involves oral defamation, whereas libel involves written defamation. *Freer v. M&I Marshall & Ilsley Corp.*, 2004 WI App 201 (quoting *Bauer v. Murphy*, 191 Wis. 2d 517, 524, 530 N.W.2d 1, 3 (Ct. App. 1995)). Tiske's amended complaint does not contain any allegations of oral defamation; instead, he alleges that false statements were published about him on a website hosted by Cloudflare. (ECF No. 8 at 3–4.) Thus, it is likely that Tiske meant to bring a libel claim rather than the slander claim he alleges. The elements of a libel claim under Wisconsin law are as follows: (1) a false statement (2) communicated to a third party (3) that is unprivileged and "tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing

with him or her." *Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997) (citations omitted).

Evaluating Tiske's amended complaint with these standards in mind, assuming all well-pleaded factual allegations as true and drawing all reasonable inferences in Tiske's favor, Tiske plausibly alleges a libel claim against Cloudflare. Tiske satisfies the requirement of a false statement by alleging that a website hosted by Cloudflare inaccurately states that he remains on state supervision relating to a prior sex offense (ECF No. 8 at 3–4, 8), and the presence of the statement on a website satisfies the requirement of communication to a third party. Moreover, Tiske alleges reputational harm resulting in lost employment opportunities—specifically he alleges that he is unable to find an internship in his field despite nearing his bachelor's degree in computer science (ECF No. 8 at 6–7)—thus suggesting that third parties are deterred from "associating or dealing" with him. *Torgerson*, 210 Wis. at 534. Tiske further notes that the allegedly false information has remained online for a two-year period, and calculates his alleged damages based on this period of time. (ECF No. 8 at 5, 8.) Though these allegations might be threadbare, they are enough to satisfy this court's pleading requirements and to state a plausible claim when Tiske's complaint is liberally construed. *See Khalfani v. Kreilkamp Trucking*, No. 25-CV-1570-JPS, 2026 U.S. Dist. LEXIS 49884, at *14 (E.D. Wis. Mar. 11, 2026) ("To satisfy this Court's notice requirement in any amended complaint, Plaintiff should provide the Court with enough facts to answers [sic] to the following questions: 1)

Who defamed him?; and 2) When did the defamation occur?”). *See also Erickson*, 551 U.S. at 94 (discussing the need to liberally construe pro se filings).

Tiske’s complaint will likely face additional hurdles when it comes to surviving a motion to dismiss. For example, Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), provides that “"[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." If Section 230 applies to Cloudflare, this would likely bar Tiske’s claim. However, Section 230 provides an affirmative defense, *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 566 (7th Cir. 2023) (quoting *City of Chicago v. StubHub!, Inc.*, 624 F.3d 363, 366 (7th Cir. 2010)), and ordinarily plaintiffs need not plead around affirmative defenses unless “the factual allegations in the complaint unambiguously establish all the elements of the defense.” Tiske has not plead himself out of court in this way; it is unclear, for example, based on Tiske’s complaint alone, whether Cloudflare qualifies as an “interactive computer service.” Furthermore, Section 230 is not a basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii) because the Seventh Circuit has consistently held that Section 230 “does not create an immunity of any kind.” *G.G.*, 76 F.4th at 566 (quoting *StubHub!*, 624 F.3d at 366).

Finally, this court’s previous order noted an “inherent incompatibility in a person claiming he is unable to perform any work while simultaneously alleging that inaccurate information on a website injured him in the form of lost work opportunities.” (ECF No. 5 at 6.) This may yet pose a problem for Tiske, specifically in terms of eventually being able to prove damages arising from Cloudflare’s conduct.

But for now, Tiske has done enough to proceed in forma pauperis with his libel claim against Cloudflare.

**IT IS THEREFORE ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the amended complaint, a waiver of service form and/or the summons, and this order upon the defendant**.** Even though Tiske has been permitted to proceed in forma pauperis in this case, he is still responsible for the cost of serving the complaint on the defendant. Tiske is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

Dated at Green Bay, Wisconsin this 1st day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge