**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**CHRISTOPHER MICHAEL TISKE,**

**Plaintiff,**

**v.** **Case No. 26-CV-894**

**CLOUDFLARE INC.,**

**Defendant.**

---

# ORDER DENYING PLAINTIFF'S MOTION TO RECRUIT COUNSEL

---

Plaintiff Christopher Michael Tiske filed an action, pro se, on May 20, 2026, pleading a single count of slander against rain-street.org based on its publication of arrest record information that Tiske alleges to be inaccurate. (ECF No. 1.) The court screened his complaint and dismissed it without prejudice. (ECF No. 5.) Thereafter, Tiske filed an amended complaint in which he substituted Cloudflare Inc. as the defendant and pleaded the same count of slander. (ECF No. 8.) The court screened Tiske's amended complaint, found that it plausibly pleaded a libel claim against Cloudflare, and ordered the U.S. Marshals to serve the defendant. Before the court now is Tiske's motion to recruit counsel (ECF No. 17.)

Tiske's motion states that he has heard about "rare instances where a court appointed attorney can be obtained to [represent] low-income individuals with disabilities." (ECF No. 17 at 1.) He relates that he has been diagnosed with mild

cognitive disabilities and expresses worry about his disabilities and lack of knowledge about the court system impacting his ability to communicate with opposing counsel. (ECF No. 17 at 1–2.) Tiske attaches neuropsychological testing as an exhibit to his motion, as well as records of email correspondence with opposing counsel and a single rejection email from Midwest Injury Lawyers, who he contacted about taking his case. (ECF No. 17-1.). Tiske asks the court to "appoint an attorney due to cognitive disability and low income." *Id.*

Unlike criminal defendants, parties in federal civil litigation do not have a right to appointed counsel. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014); *Santiago v. Walls*, 599 F.3d 749, 752 n.1 (7th Cir. 2010). Courts accordingly lack the authority to "appoint" an attorney to represent a civil litigant. *Santiago*, 599 F.3d at 752 n.1; *see also Mallard v. United States Dist. Court for Southern Dist.*, 490 U.S. 296, 307 (1989). Instead, the best the court can do is attempt to recruit a volunteer attorney willing to accept an indigent litigant's case pro bono. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Although such a request for a volunteer attorney is commonly referred to as "appointment" of an attorney, this is just a convenient shorthand for the recruitment process. *Santiago*, 599 F.3d at 752 n.1 (quoting *Tucker v. Randall*, 988 F.2d 388, 391 n.3 (7th Cir. 1991)).

The decision to recruit counsel for an indigent litigant is left to the court's discretion. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Deciding whether to attempt to recruit a volunteer attorney "is a difficult decision: Almost

everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Henderson*, 755 F.3d at 564 (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Thus, "among a sea of people lacking counsel," the court recruits volunteer attorneys only for "those who need counsel the most." *Olson*, 750 F.3d at 711.

In determining whether recruitment of a volunteer attorney to represent an indigent litigant is appropriate, the court conducts two inquiries: (1) whether the plaintiff has made reasonable attempts to obtain counsel on his own or has been precluded from doing so and (2) whether, given the complexity of the case, the plaintiff is competent to litigate it himself. *Pruitt*, 503 F.3d at 654; *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010). Thus, the court is limited to recruiting counsel to when a plaintiff can demonstrate that the legal and factual difficulty of the case exceeds his ability to litigate it. *See Underwood v. Berryhill*, No. 18-CV-326-SLC, 2019 U.S. Dist. LEXIS 45732, at *10–11 (W.D. Wis. Mar. 20, 2019). It is not enough that a lawyer might do a better job handling a case than a pro se litigant, as it is presumed that this will almost always be true. *Trudeaux v. Paper Transp., Inc.*, No. 2:20-CV-169-WED, 2022 U.S. Dist. LEXIS 174550, at *3 (E.D. Wis. Sept. 26, 2022). Rather, the court asks whether the particular case is so complex that a person of the plaintiff's abilities would be unable to coherently present it to a judge or a jury. *Henderson*, 755 F.3d at 565.

Considering the above factors, Tiske is correct that it is rare for the court to recruit counsel for litigants like himself who can seek out counsel on their own

(assuming their case has merit) or use public resources, such as libraries and online databases, to help them represent themselves. For example, Google Scholar (https://scholar.google.com/) and GovInfo (https://www.govinfo.gov/app/collection/uscourts) allow individuals to search federal case law and can be accessed at a local library or community center. Tiske may also seek limited assistance from the Eastern District of Wisconsin Bar Association Federal Legal Assistance Program by completing an online form at https://edwba.starchapter.com/form.php?form_id=15. The Clerk will also mail Tiske a copy of this court's Answers to Pro Se Litigants' Common Questions. This document explains some basic legal principles, provides a roadmap of how a typical civil case proceeds in federal court, directs the reader to online legal research databases, and identifies local free and low-cost legal aid providers that Tiske can consult if he chooses.

Moreover, Tiske has not demonstrated that the difficulty of his case exceeds his capability to litigate it. On the contrary, Tiske has complied with filing deadlines and court orders, submitted a complaint that was legally sufficient to proceed past the screening phase, and engaged in correspondence with opposing counsel—even demonstrating an understanding of the importance of documentation by requesting communications in writing. Additionally, Tiske's efforts to investigate the proper defendant against whom he should bring suit and to remedy the jurisdictional defects with his first complaint demonstrate at least a basic investigative aptitude that will aid him in the discovery phase of his case. (*See* ECF No. 8-1.) Finally, the

neuropsychological testing that Tiske submitted indicates that he has an IQ in the "upper end of the low average range of intellectual abilities," but has academic achievement scores "at college level." (ECF No. 17-1 at 3.) Given Tiske's demonstrated capacity to litigate his claims and the resources he has access to, the court will not recruit counsel to represent him at this stage of the litigation. If new challenges arise that Tiske does not believe he can overcome on his own, he may renew his request. If he does, he must describe these challenges in specific detail as well as the efforts he has made to overcome them on his own.

**IT IS THEREFORE ORDERED** that Tiske's motion to recruit counsel (ECF No. 17) is **denied without prejudice**. The Clerk shall provide Tiske with a copy of this court's Answers to Pro Se Litigants' Common Questions, which includes general information regarding the availability of legal assistance.

Dated at Green Bay, Wisconsin this 23rd day of November, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge